Mr. Justice James
delivered the opinion of the court;
The plaintiff sues for the value of one half of a party wall, erected by himself and utilized by the defendant. At the trial the parties waived a jury and submitted the facts to the court on the following agreed statement:
“ On the 23d day of May, A. D. 1885, the plaintiff owned lots 113 and 114, in square 212.
“ Prior to this time, and while he was still the owner of botlr of said lots, plaintiff erected a brick dwelling upon lot 114, the south wall of said building being placed equally upon the line between lots 113 and 114, and thus constituting a party wall under the building regulations in force in the District of Columbia. On the day first named the plaintiff conveyed to the defendant said lot 113, the deed, being in the usual form, and having, among other things in it, these words, ‘ together with all the improvements, ways, easements, rights, privileges and appurtenances to the same belonging or in any wise appertaining/ but nothing specifically referring to said party wall.
“ After the purchase by the defendant of said lot 113 from the plaintiff, she erected a brick building thereon, and used said party wall, penetrating the same and inserting her joists, rafters, &c., in said wall, and otherwise supporting her said building with said party wall.
*583 “ That defendant has never paid the plaintiff' for the use of said party wall as such.
“It is agreed that whatever may be the decision, neither party is to recover costs against the other, but each party is to pay their own costs. And it is further agreed that if the decision is for the plaintiff, judgment shall be for $160.”
Judgment was rendered by the court for plaintiff for $160, without costs; and thereupon the defendant appealed to this court.
Under our building laws, when one of two adjoining owners builds a party wall, he retains the ownership of what he has placed upon another person’s land until he shall have been paid for it. Upon such payment, the other owner acquires property in that portion of the wall, with the right to use and treat it as a party wall, and to have the support of the other half of the wall. The same property and rights are acquired on the same ternm — that is to say, of payment — by the purchaser of one of the adjoining lots from the owner of both. In both cases the nature and extent of the property and right of the two owners is governed by the building laws ; that is to say, they own it’ as a party wall.
But there is nothing in the building laws which determines whether or when the adjoining owner has in fact acquired and paid for one half of the wall. That is a matter dehors a rule which merely requires ihat such payment shall be made. In the present case, that question is to be determined by the construction to be given to the plaintiff’s deed of conveyance, and to the defendant’s payment of the consideration for what was conveyed to her ; and this construction is a question of common law.
Although it is true that a party wall x built on another’s land is not thereby incorporated and lost in such land, but remains a separate property, still belonging to the builder until payment, yet when the builder owns both of the adjoining lots, in other words, both the wall and the land on which it stands, the effect of this relation of the two subjects of property, thus brought together by himself, is that his deed conveying the land must be construed as *584 conveying usque ad cedum, and therefore as conveying the superstructure just as any other deed made by one who owns both the land and what is built on it is construed, unless he makes an express reservation of the latter.
When he uses a common-law conveyance, he must be understood to use it in its ordinary sense and with its ordinary effect. Part of a wall within the described boundaries of a lot is just as capable of passing by mere description of the land as an entire house would be; and certainly there is no question as to the latter case. Indeed, for the purpose of making legal title to one-half of the wall, and the rights connected with it under the building laws, a description of the land on which it stands is a perfectly appropriate method. It would so operate if this were a deed of gift. We cannot doubt that in this case the deed of conveyance was actually intended to operate as a conveyance of the legal title to one-half of the wall. And this construction is supported by the additional words of the deed. The land was conveyed “together with all the improvements, * * * easements, rights, privileges and appurtenances to the same belonging.”
The grantor had placed thereon a party wall, to be used for the benefit and in furtherance of the enjoyment of that land ; and a part of that use was to be the right of support by his own half of the wall. This was already a partial “improvement” on the lot sold; and any improvement was within the express terms of the conveyance.
But it may be argued that, although title was thus conveyed by the deed, the consideration is still recoverable, as the consideration’always is after conveyance of title, and that the particular consideration for the party wall is fixed bj the statute, the building law ; namely, one-half the value of the wall. But it must be remembered that the consideration for the land must be taken to be the consideration for everything that was conveyed by the deed, unless an express contract of a different kind is shown ; and no such contract is shown. It appears that the defendant has acquired title to, and has paid for one-half of his party walk
Judgment is therefore reversed.